**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODOLFO BARRIGA-MORENO, | No. 09-71956 |
| Petitioner, | Agency No. A090-640-216 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| RODOLFO BARRIGA-MORENO, | No. 10-70373 |
| Petitioner, | Agency No. A090-640-216 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 4, 2011
Seattle, Washington

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Rodolfo Barriga-Moreno, a native and citizen of Mexico, petitions for review of two final orders of the Board of Immigration Appeals (BIA). In the first, the BIA granted Petitioner's motion to reopen, but dismissed Petitioner's appeal from an Immigration Judge's decision finding him removable and denying his request for a continuance. In the second, the BIA denied Petitioner's motion to reopen his removal proceedings to apply for adjustment of status. The main issues in this appeal are whether Petitioner's Washington conviction for indecent liberties under Washington state law is for a crime involving moral turpitude, and whether it constitutes a violent or dangerous crime.

Before making these determinations, we must identify the crime to which Petitioner pled guilty in state court. The record before us is unclear. The judgment against Petitioner reflects only that he was convicted of indecent liberties under § 9A.44.100(1), without specifying the applicable subsection. The "offense score" that is listed in the state court judgment for purposes of sentencing was level VI, which relates to subsection (b), and not level VII, which relates to subsection (a). *See In re Pers. Restraint of Acron*, 95 P.3d 1272, 1273 (Wash. Ct. App. 2004) (describing offense levels). In his plea agreement Petitioner admitted by implication only to forcible compulsion, subsection (a), stating that he was

2

pleading guilty to the crime of indecent liberties "as charged in the amended information." Nevertheless, Petitioner twice described in the plea agreement that he committed sexual contact with a victim who was physically helpless due to her age, which would be subsection (b).

Given the lack of clarity with respect to Petitioner's conviction, we remand to the BIA to determine in the first instance whether Petitioner was convicted under subsection (a) or (b) of § 9A.44.100(1). The BIA should further analyze whether the conduct penalized under the applicable subsection constitutes a crime involving moral turpitude under both the categorical and modified categorical approaches, and if so, whether it is a violent or dangerous crime.

Petition for review **GRANTED**; **REMANDED**.

3

*Barriga-Moreno v. Holder*, Nos. 09-71956, 10-70373

CALLAHAN, Circuit Judge, concurring in part and dissenting in part:

I see no reason to remand all of the issues on appeal.

Because we review de novo the BIA's conclusion that Barriga-Moreno was convicted under subsection (a) of Washington Revised Code § 9A.44.100(1), and the record indicates that he was convicted under subsection (b) instead, I would hold that subsection (b) applies. *See Li v. Ashcroft*, 356 F.3d 1153, 1161 n.7 (9th Cir. 2004) (en banc) (declining to remand because "[t]he agency has already considered the factual and legal contentions as to [the petitioner's] claims").

In any event, the BIA properly concluded that a conviction under *any* of the subsections of the statute categorically constitutes a crime involving moral turpitude (CIMT). In challenging the conclusion that a conviction under subsection (b), in particular, is a CIMT, Barriga-Moreno relies on inapposite cases that involve other subsections of the statute, or prior versions of subsection (b). I would hold that his conviction under subsection (b) constitutes a CIMT.

I would remand only as to whether a conviction under subsection (b) is a violent or dangerous crime, which the BIA has not decided in the first instance.

1